IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CUMMINS and : <br> TAMERA CUMMINS, h/w : <br> 12 Eton Court : <br> Chambersburg, PA 17201, : <br>               Plaintiffs : <br> : <br>    v. : <br> : <br> WAL-MART STORES EAST, L.P., indiv. : <br> and d/b/a WAL-MART SUPERCENTER : <br> c/o CT Corporation System : <br> 600 N 2nd Street, Suite 401 : <br> Harrisburg, PA 17101 : <br> : <br>       and : <br> : <br> WALMART STORES EAST, INC., indiv. : <br> and d/b/a WAL-MART SUPERCENTER : <br> c/o CT Corporation System : <br> 600 N 2nd Street, Suite 401 : <br> Harrisburg, PA 17101 : <br> : <br>       and : <br> : <br> WALMART INC., indiv. and d/b/a : <br> WAL-MART  SUPERCENTER : <br> c/o CT Corporation System : <br> 600 N 2nd Street, Suite 401 : <br> Harrisburg, PA 17101, : <br> : <br>              Defendants. : | CIVIL ACTION - LAW <br> No. |

**Civil Action Complaint**

    1.    Plaintiff, Michael Cummins (hereinafter, "Plaintiff") is an adult individual who resides at the above referenced address.

2. At all times relevant hereto, Plaintiff was and continues to be a citizen of the Commonwealth of Pennsylvania.

3. Plaintiff, Tamera Cummins (hereinafter, "Plaintiff Wife" and collectively with Plaintiff, "Plaintiffs") is an adult individual who resides at the above referenced address.

4. At all times relevant hereto, Plaintiff Wife was and continues to be a citizen of the Commonwealth of Pennsylvania.

5. At all relevant times, Plaintiffs were and continue to be legally married.

6. Defendant, Wal-Mart Stores East, L.P., individually and d/b/a Wal-Mart Supercenter, is a Delaware limited partnership, licensed and authorized to do business in the Commonwealth of Pennsylvania with a registered agent at the above referenced address in Dauphin County, Pennsylvania, and its corporate headquarters and its principal place of business located in Arkansas.

7. Upon information and belief, WSE Investment, LLC, is the sole limited partner of Wal-Mart Stores East, L.P. and WSE Management, LLC is the general partner of Defendant, Wal-Mart Stores East, L.P.

8. Upon information and belief, both WSE Investment, LLC, and WSE Management, LLC are Delaware limited liability companies with their principal places of business in Arkansas.

9. Upon information and belief, the sole member of both WSE Investment, LLC and WSE Management, LLC is Defendant, Wal-Mart Stores East, Inc.

10. Defendant, Wal-Mart Stores East, Inc., individually and d/b/a Wal-Mart Supercenter, is a Delaware corporation, licensed and authorized to do business in the Commonwealth of Pennsylvania with a registered agent at the above referenced address in Dauphin County, Pennsylvania, and its corporate headquarters and its principal place of business located in Arkansas.

11. Defendant, Wal-Mart, Inc., individually and d/b/a Wal-Mart Supercenter (hereinafter referred collectively with Defendant Wal-Mart Stores East, L.P. and Defendant, Wal-Mart Stores, Inc., as "Defendants") is a Delaware corporation, licensed and authorized to do business in the Commonwealth of Pennsylvania with a registered agent at the above referenced address in Dauphin County, Pennsylvania, and its corporate headquarters and its principal place of business located in Arkansas.

12. At all times relevant to this action, Defendants have had a physical location in and/or have conducted and continue to conduct a regular and substantial course of business in Franklin County, Pennsylvania.

13. Neither Plaintiff is a citizen of the same state as any of the Defendants and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. §1332.

14. Upon information and belief, at all times relevant hereto, Defendants, individually, jointly and/or severally, directly and/or by and through their duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship, owned, operated, managed, maintained, controlled, delegated and/or supervised a retail store located at 1730 Lincoln Way E., Chambersburg, Franklin County, Pennsylvania, known as Wal-Mart Supercenter #1850, including the store's interior floors, aisles, entrances, exits, checkout lanes, shelving, storage cases, fixtures, furnishings, displays, and signs (hereinafter referred to as the "Premises").

15. On or about December 12, 2020, at approximately 6:00 p.m., Plaintiff was lawfully upon the Premises, walking with all due care and caution in one of the store's aisles open and

intended for business invitees' use, when he suddenly and without warning, slipped and fell forcefully onto the ground, suffering serious and potentially permanent injuries.

16. At the time of his fall, Plaintiff was shopping in the Wal-Mart Supercenter and was a business invitee owed the highest duty of care by Defendants.

17. Upon information and belief, the floor upon which Plaintiff slipped had a puddle of liquid on it which was not readily visible or discernible to business invitees in the position of Plaintiff, as they entered the subject aisle to shop.

18. At the time of Plaintiff's fall and for a long and/or excessive time prior thereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors, acting within the scope and authority of their relationships with Defendants, negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to create and/or allow the dangerous condition of the floor to form and/or remain in a common area meant for business invitee use.

19. At all times relevant, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors, had a duty to ensure that the Premises and its flooring did not to pose an unreasonable risk of harm to business invitees lawfully walking upon the Premises.

20. At all times relevant, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors, had actual and/or constructive notice of the existence of the dangerous condition for a sufficient time prior to Plaintiff's fall to have taken measures to correct it and/or to properly warn business invitees such as Plaintiff.

21. At all times relevant to Plaintiff's fall, there was no warning or notice to business invitees, such as Plaintiff, of the dangerous condition of the Premises caused by the puddle on the floor.

22. The aforesaid dangerous condition and Defendants' individual, joint and/or several negligence and carelessness were the direct and proximate cause of Plaintiff's fall and his resulting injuries.

23. At all times material hereto, Plaintiff was exercising due care and caution for his safety and in no manner contributed to his fall or his resulting injuries.

24. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness and the resulting fall, Plaintiff has suffered and may in the future continue to suffer bodily injuries including a complete tear of his left rotator cuff, severe pain, anxiety, depression, emotional and mental distress, humiliation and embarrassment, and/or loss of pleasures and enjoyment of life.

25. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the fall, and his resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary treatments, including surgical repair of his left rotator cuff.

26. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the fall, and his resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure the aforesaid injuries, to Plaintiff's ongoing detriment and financial loss.

27. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the fall, and his resulting injuries, Plaintiff has been and may in the

future be hindered and/or prevented from attending to and/or fully performing Plaintiff's usual and customary duties, hobbies and/or avocations, to his ongoing detriment and loss.

28. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the fall, and his resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help, to his ongoing detriment and financial loss.

29. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the fall, and his resulting injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of Plaintiff's earning capacity, to his ongoing detriment and loss.

### Count I-Negligence
### Michael Cummins v. All Defendants

30. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

31. The individual, joint and/or several negligence and carelessness of the Defendants, directly and/or by and through their agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, includes the following:

    a. creating a dangerous condition about which they knew and/or should have known;

    b. permitting the dangerous condition to exist on the Premises for an excessive period of time;

    c. failing to regularly and/or properly inspect the Premises for such dangerous conditions;

    d. failing to warn business invitees, such as Plaintiff, of the dangerous condition until it could be remediated;

e.  failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

f.  failing to protect Plaintiff against the dangerous condition of the floor when Defendants knew and/or should have known that it was dangerous to business invitees, including Plaintiff walking thereon;

g.  failing to regularly and/or properly inspect its Premises and the aforesaid entranceway and flooring for such dangerous conditions;

h.  failing to have a system in place to monitor the Premises' entranceway and flooring to ensure that they were free from dangerous conditions;

i.  failing to properly inspect and/or maintain the Premises such that a dangerous condition remained for an unreasonable period of time when it posed a foreseeable risk to the business invitees, including Plaintiff

j.  failing to properly remediate the dangerous condition of the floor;

k.  violating Defendants' own safety requirements with regard to inspection, and/or maintenance of the Premises;

l.  violating the Standard Practice for Safe Walking Surfaces 5.1.3, requiring walkway surfaces be slip resistant under expected environmental conditions and use;

m.  violating Property Maintenance Code 302.5 Site Hazard: All walkways, stairs, driveways, parking spaces and similar areas shall be maintained free from dangerous conditions;

n.  hiring, contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design, construct, manage, inspect and/or maintain the Premises and its walkways, crosswalks, walkways, and parking lots, who were not qualified to do so in a safe and non-negligent manner;

o.  failing to ensure the proper authority repaired or remediated the dangerous condition of the Premises;

p.  failing to take reasonable measures under the circumstances to protect business invitees, including Plaintiff, from a foreseeable risk of injury;

  q. negligently supervising and/or controlling said Defendants' agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their performance and/or completing of cleaning and/or maintenance services, including, but not limited to, maintaining flooring and walkways on the Premises in a reasonably safe and prudent manner; and

  r. placing the pecuniary interests of Defendants ahead of the safety of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, and severally Defendants, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with such further relief as this Court may deem appropriate.

## Count II-Loss of Consortium
### Tamera Cummins v. All Defendants

32. Plaintiff Wife incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

33. At all times relevant hereto, Plaintiff Wife was lawfully married to Plaintiff and remains so.

34. As a direct and proximate result of the negligence and carelessness of Defendants, individually and/or jointly and severally, the fall, and Plaintiff's resulting injuries, Plaintiff Wife suffered and may in the future suffer the loss of aid, assistance, and comfort of her spouse.

35. As a direct and proximate result of the negligence and carelessness of Defendants individually and/or jointly and/or severally, the fall, and Plaintiff's resulting injuries, Plaintiff Wife has expended and may in the future expend specific time, care and/or treatment to her spouse.

WHEREFORE, Plaintiff Wife demands judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with such further relief as may be appropriate.

                                      OSTROFF LAW, PC
                                      Attorney for Plaintiffs

Dated: 8/2/2022                       By:_____
                                      Ryan F. Michaleski, Esquire
                                      Attorney ID No.: 203923
                                      518 E. Township Line Road, Suite 100
                                      Blue Bell, PA 19422
                                      (610) 279-7000